# JONES HIRSCH CONNORS & BULL P.C.
### ONE BATTERY PARK PLAZA
## NEW YORK, NEW YORK 10004

NEW YORK

CONNECTICUT
—
NEW JERSEY

TELEPHONE: (212) 527 - 1000
FACSIMILE: (212) 527 - 1880
INTERNET: WWW . JHCB . COM

## MILLER & ASSOCIATES
### SPECIAL COUNSEL

**Frank D. Costantini**
*Associate*
Direct Tel: (212) 527-1659
E-mail: fcostantini@jhcb.com



> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: _6/6/08_

**VIA FIRST CLASS MAIL**
Hon. Lawrence M. McKenna
United States Courthouse
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1640
New York, NY 10007

October 4, 2007

## MEMO ENDORSED *(p. 7)*

Re:  *Pappa Singh v. Rahway P.W.L.L.C., Michael Palin and Palin Enterprises v. Standard Elevator Corp., and Mercantile Wholesale, Inc.*
Index No.    :    7:01-cv-05859 (~~LMM~~)(L M M)
Venue        :    USDC-SDNY
Our File No. :    00062-74883

Honorable Judge McKenna:

We represent the defendants Rahway P.W.L.L.C., Michael Palin, and Palin Enterprises ("defendants") in the above referenced matter.

Further to the Court's directive issued at a conference on September 24, 2007, we submit this letter brief in support of the pending application for a transfer of the action to the United States District Court for the District of New Jersey. By this letter brief, we withdraw the letter brief of the defendants' former counsel, Steven G. Fauth, Esq., dated March 12, 2002, which was filed in opposition to Standard's application for a venue transfer. We substitute in its place the instant submission in support of Standard's application.

### FACTS

The plaintiff, Pappa Singh, alleges that he sustained personal injuries on February 7, 2000 while manually operating a freight elevator on the premises at 2195 Elisabeth Avenue, Rahway New Jersey, owned by Rahway P.W.L.L.C. Defendants Michael Palin and Palin Enterprises are

Hon. Lawrence M. McKenna, United States District Judge
*Re: Singh v. Rahway et al.*
October 4, 2007

not involved parties. The third-party defendant, Standard Elevator Company ("Standard"), was contracted to maintain, inspect and repair the freight elevator. The third-party defendant, Mercantile Wholesale, Inc., was a tenant in the premises, which used the freight elevator to transfer merchandise.

The third-party defendant Standard Elevator Corp. ("Standard") filed a motion for transfer of venue pursuant to 28 USC §1404(a) on about March 5, 2002. The plaintiff filed an opposition to the motion. The third-party defendant Mercantile Wholesale Inc. does not appear to have filed an appearance. Our predecessor in counsel to Rahway P.W.L.L.C., Michael Palin, and Palin Enterprises, Steven G. Fauth, Esq., filed an opposition to Standard's application for a venue transfer. Before the motion was decided, the action was stayed as a result of the insolvency of defendant Rahway's insurer, Legion Insurance Company., on July 25, 2003. (Order of Liquidation for Legion Insurance Company annexed hereto as "**Exhibit 1**").

Thereafter, the New Jersey Commissioner of Banking and Insurance directed the New Jersey Property-Liability Insurance Guaranty Association ("PLIGA") to administer Legion's claims in accordance with the Association's statutory obligations. See, N.J.S.A. 17:30A-1 *et seq.* Subsequently, this office was instructed to defend the interests of the defendants. The plaintiff's claim falls within the ambit of PLIGA's enabling statute because the subject Legion policy was issued to insure Rahway, a New Jersey domiciled entity, against risks principally located within New Jersey. PLIGA, together with its claims examiners, maintains offices only in New Jersey.

The third-party defendants Standard and Mercantile are domiciled in New Jersey. Standard was contracted to provide elevator inspection, maintenance and repair services. The defendant Michael Palin is a resident of New York. Mr. Palin is a partner in defendant Palin Enterprises, a general partnership also domiciled in New York. Michael Palin and Palin Enterprises did not manage the Rahway property.

There is strong evidence that the plaintiff is a New York domicile. The evidence adduced to date proves by clear and convincing evidence that the plaintiff is a domicile of New York. In his Complaint (Complaint annexed hereto as "**Exhibit 2**") and Affidavit incorporating by reference the plaintiff's immigration petition for lawful permanent status in the United States (Affidavit and Petition annexed hereto as "**Exhibit 3**"), the plaintiff alleges that he was an "undocumented alien" when he entered the United States in 1997. The plaintiff filed the I-485 petition dated April 21, 2001, *prior* to filing his Complaint on June 27, 2001. It undisputed that by June 27, 2001, the plaintiff had resided in New York since in 1997, where he had secured employment authorization through the United States Department of Justice and obtained a social security number valid for work with the authorization of the former INS.

The plaintiff's I-485 petition for lawful permanent residence, dated April 21, 2001, lists an address located at 222-23 96th Ave., Queens Village, New York. The I-485 evidences that the

-2-

Hon. Lawrence M. McKenna, United States District Judge
*Re: Singh v. Rahway et al.*
October 4, 2007

plaintiff is married to Rdeserir Serrano, a United States citizen. The plaintiff's wife, Ms. Serrano shares an identical home address to that of the plaintiff as revealed in the "Biographic Information" form made part of the I-485 petition annexed to the plaintiff's affidavit at **Exhibit 3**. The plaintiff and his wife were married in New York City. The plaintiff was evidently employed as a delivery truck driver at the time of the occurrence.

## DISCUSSION

### *The District of New Jersey Is the More Appropriate Venue*

The only relevant contact with New York is the plaintiff's place of residence. This is a tenuous basis to preserve venue in New York in view of the fact that the plaintiff allegedly received primary medical care and follow up medical attention in New Jersey as result of an accident, which allegedly occurred in New Jersey. The remaining contacts favor transfer to New Jersey. Those contacts include the situs of the alleged occurrence, the domicile of the defendant Rahway and the third-party defendants, as well as PLIGA, as administrator of claims asserted against the insolvent Legion Insurance Company.

Section 1404(a) vests courts with power to exercise broader discretion to grant transfers upon a lesser showing of inconvenience than is required under the forum *non conveniens* analysis. Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955). On a venue transfer application, the courts have considered several non-exhaustive factors:

> (1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and finally, (10) the Court should also consider how best to serve the interest of justice, based on an assessment of the totality of material circumstances (see, e.g., Gibbs & Hill, Inc. v. Harbert Int'l, Inc., 745 F. Supp. 993, 996 [S.D.N.Y. 1990]; Schieffelin & Co. v. Jack Co. of Boca, Inc., 725 F. Supp. 1314, 1321 [S.D.N.Y. 1989]; Turner v. Hudson Transit Lines, Inc., 724 F. Supp. 242, 243 [S.D.N.Y. 1989]; Miller v. County of Passaic, 699 F. Supp. 409, 411 (E.D.N.Y. 1988), citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507-08, 91 L. Ed. 1055, 67 S. Ct. 839 [1946]; Cain v. New York State Bd. of Elections, 630 F. Supp. 221, 227 [E.D.N.Y. 1986]; Schneider v. Sears, supra, 265 F. Supp. at p. 263). Hernandez v. Graebel Van Lines, 761 F. Supp. 983 (D.N.Y. 1991)

Hon. Lawrence M. McKenna, United States District Judge
Re: Singh v. Rahway et al.
October 4, 2007


Given the overwhelming contacts with New Jersey, it would pose an inconvenience to the majority of the parties and witnesses to pursue the action in New York. The defendants and the third-party defendants, together with their witnesses, are in New Jersey. The plaintiff's medical witnesses appear to be in New Jersey. The elevator maintenance contract with Standard was created in New Jersey. The alleged offending elevator and the operative events are all in New Jersey.

There is also a strong public interest in having the claim adjudicated in New Jersey in view of the fact that PLIGA, which receives funding by the State of New Jersey, is administering this claim pursuant to its enabling statue in place of Legion, an insolvent New Jersey insurer. Since the third-party defendant Standard's insurer remains a readily available source of collectible insurance, New Jersey statutes will likely play a strong role in the adjudication of issues of coverage and indemnity. In the application of New Jersey statutes, public policy considerations unique to New Jersey may come into play. For example, the benefits under the New Jersey Property-Liability Insurance Guaranty Association Act, cannot be made available unless all other sources of insurance are exhausted. N.J.S.A. § 17:30A-12(b). New Jersey Property-Liability Insurance Guaranty Association Act § 17:30A-12(b) states as follows:

> Any person having a claim, except for a claim for coverage for personal injury protection benefits issued pursuant to section 4 of P.L. 1972, c. 70 (C. 39:6A-4) and section 4 of P.L. 1998, c. 21 (C. 39:6A-3.1), under an insurance policy other than a policy of an insolvent insurer, shall be required to exhaust first his right under that other policy.

> For purposes of this subsection b., **a claim under an insurance policy shall include a claim under any kind of insurance, whether it is a first-party or third-party claim, and shall include without limitation, general liability, accident and health insurance, workers' compensation, health benefits plan coverage, primary and excess coverage, if applicable, and all other private, group or governmental coverages** except coverage for personal injury protection benefits issued pursuant to section 4 of P.L. 1972, c. 70 c. 39:6A-4) and section 4 of P.L. 1998, c. 21 c. 39:6A-3.1). (*Emphasis added*).

PLIGA is not insurance, but a pool of money contributed by insurers for the payment of allowed claims of policyholders and injured parties. As the court in Harrow Stores v. Hanover Ins. Co., 315 N.J. Super. 547 (1988) explains,

> ...[t]he evident purpose of that provision [N.J.S.A. 17:30A-12b] is to conserve the assets of the New Jersey Property-Liability Insurance Guaranty Fund by shielding it from liability for the

-4-

Hon. Lawrence M. McKenna, United States District Judge
Re: Singh v. Rahway et al.
October 4, 2007

> obligations of insolvent insurers where there is other insurance covering the same claim that is covered by the insolvent insurer's policy. Nothing could be plainer than the Statement of the Senate Commerce Committee appended to Assembly, No. 810, enacted as L. 1996, c. 156. **That Statement explains that applicable policies of solvent insurers must be exhausted before either fund [Property-Liability Insurance Guaranty Fund and New Jersey Surplus Lines Insurance Guaranty Fund] is responsible for the covered claim.** (*Emphasis added*).

We respectfully submit that a Court sitting in New Jersey would be in a better place to address concerns of coverage and indemnity, which implicate New Jersey statutes and public policy.

Finally, for the reasons discussed below, the Palin defendants should not be factored into the venue transfer analysis as their inclusion in this action would destroy completed diversity of citizenship.

### *Defendants Michael Palin and Palin Enterprises Contacts With New York Should Not Be Considered in the Venue Analysis Because The Plaintiff Is A New York Domicile For the Purpose of Subject Matter Jurisdiction*

The inclusion of defendants Michael Palin and Palin Enterprises, as New York domiciles, with an address at 969 Third Avenue, New York, New York, for the purpose of a venue transfer analysis disregards the greater issue of whether the Court may exercise subject matter jurisdiction over the plaintiff's State claim against the Palin defendants in the absence of complete diversity of citizenship.

Like the Palin defendants, the plaintiff is a New York domicile. Allegations of residency are insufficient to establish diversity for purposes of 28 U.S.C. § 1332. Rather, allegations of domicile are what count. See 28 U.S.C. § 1332(a); Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir.2000) ("[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile."); Kaiser v. Loomis, 391 F.2d 1007, 1009 (6th Cir.1968) ("citizenship for purposes of the diversity statute is synonymous with 'domicile,' not residence."). The plaintiff alleges that he was a resident of India and that he entered the United States without legal status. However, the allegation of the plaintiff's citizenship is irrelevant. The plaintiff's immigration status within the United States is similarly not relevant to the subject of domicile, because there is clear and convincing evidence that the plaintiff was a domicile of New York when he filed his complaint on June 27, 2001.

The plaintiff's intent to become a New York domicile, by the time the complaint was filed on June 27, 2001, is evidenced by his I-485 petition (**Exhibit 3**) for permanent lawful

-5-

Hon. Lawrence M. McKenna, United States District Judge
Re: Singh v. Rahway et al.
October 4, 2007

residency status. The Court of Appeals for the Second Circuit in Palazzo ex rel. Delmage v. Corio, 232 F.3d 38 (2nd Cir. 2000) detailed the applicable standard for determining a party's domicile:

> A party's citizenship for purposes of the diversity statute, 28 U.S.C. § 1332 (1994), is a mixed question of fact and law. See, e.g., Francis v. Goodman, 81 F.3d 5, 7 (1st Cir.1996); State Farm Mutual Automobile Insurance Co. v. Dyer, 19 F.3d 514, 518 (10th Cir.1994); Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir.1992). The legal components of the question are well established. An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. See, e.g., Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir.1998). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Id. at 948 (internal quotation marks omitted). At any given time, a person has but one domicile. See, e.g., Rosario v. INS, 962 F.2d 220, 224 (2d Cir.1992). Domicile is established initially at birth and is presumed to continue in the same place, absent sufficient evidence of a change. See Linardos v. Fortuna, 157 F.3d at 948.

> To effect a change of domicile, "'two things are indispensable: First, residence in a new domicil; and, second, the intention to remain there. The change cannot be made, except facto et animo. Both are alike necessary. Either without the other is insufficient.' " Id. (quoting Sun Printing & Publishing Ass'n v. Edwards, 194 U.S. 377, 383, 24 S.Ct. 696, 48 L.Ed. 1027 (1904)). Questions as to a person's "intent to change, or not to change, his domicile from [one state] to [another]" are "factual" questions. Katz v. Goodyear Tire & Rubber Co., 737 F.2d 238, 244 (2d Cir.1984). A party alleging that there has been a change of domicile has the burden of proving the "require[d] ... intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality," and must prove those facts "by clear and convincing evidence." Id. at 243-44 (internal quotation marks omitted).

There is every indication that the plaintiff was a domicile of New York at the time he filed his complaint in 2001. He entered the United States in 1997 where he came to maintain an address in New York with his wife, a U.S. citizen. He allegedly filed an I-485 petition dated April 21, 2001, evidencing his intent to make New York his true fixed home, where he remains today. If the Court were to look beyond the allegations in the complaint and assume that the plaintiff was not a citizen of India, but a resident of the United States, with an address in New York where he undisputedly resides, see 28 U.S.C. § 1332(a), complete diversity for

Hon. Lawrence M. McKenna, United States District Judge
*Re: Singh v. Rahway et al.*
October 4, 2007

jurisdictional purposes, see <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996) as against the New
York defendants Michael Palin and Palin Enterprises could not be established.

Indeed, even where there is no indication that the plaintiff is anything other than a citizen
of India, the intent the plaintiff has consistently maintained to make him a New York domicile is
evidenced by the presence of the cohabitation relationship with his wife in a true fixed home in
New York that has subsisted over a period of years, together with the petition for permanent
immigration status, employment authorization and a social security number. The plaintiff's
intent to establish himself in New York is undisputable in view of the proactive steps he has
taken by filing the petition and in his actions of residing in New York, maintaining a fixed home
with his wife, and pursuing fulltime employment as a delivery truck driver, all before the date he
filed his Complaint on June 27, 2001. Thus, whatever the citizenship or immigration status the
plaintiff claims to assert, his domicile is unquestionably New York. The inevitable conclusion is
that there can be no diversity between the plaintiff and the New York domiciled Michael Palin
and Palin Enterprises, thereby destroying complete diversity citizenship.

## CONCLUSION

Based upon the forgoing, the action should be dismissed as against and Michael Palin and
Palin Enterprises and transferred to the United States District Court for the District of New
Jersey.

Respectfully submitted,

Frank D. Costantini [FC3720]



*On the record before the Court, defendant
Rahway has not shown that complete di-
versity is lacking, as it appears that, at the time
the action was filed, plaintiff was an alien
(and not a legal permanent resident).*

*Rahway's motion for a transfer of this case to
the District of New Jersey pursuant to 28 U.S.C. §
1404(a) is granted, upon a balancing of the fac-
tors set forth in Norwood v Kirkpatrick, 349 U.S. 29,
32 (1995). Judge McMahon's endorsed order of 3/15/02
did not deny the motion for a transfer to the Dis-
trict of New Jersey. Circumstances have changed since
Rahway's initial opposition to transfer, because of the
insolvency of Rahway's insurer.*

*The Clerk is directed to transfer this action to
the United States District Court for the District of New
Jersey. So ordered.* _____ (LMM) 6/6/08

Hon. Lawrence M. McKenna, United States District Judge
*Re: Singh v. Rahway et al.*
October 4, 2007


cc: **VIA FACSIMILE & FIRST CLASS MAIL**

Law Offices of Jeffrey B. Manca, Esq.
Attorneys for plaintiff Pappa Singh
30 Vesey Street, 2nd Floor
New York, New York 10007
Tel: 212.619.3490
Fax: 212.571.1118

Rivkin Radler, LLP
Attention: Bruce A. Bendix
Attorneys for third-party defendant Standard Elevator Company
555 Madison Avenue
New York, New York 10022-3338
Tel: 212.455.9555
Fax: 212.687.9044

Maqsood Siddiqui, Esq.
Attorneys for third-party defendant Mercantile Wholesale, Inc.
600 Old Country Road, Suite 442
Garden City, New York 11530
Tel: 516.683.3786
Fax: 516.683.6115